TURNER VS TURNER ET AL.

Opinion delivered October 5, 1901.

*1.    Wills—Construction.*

By the terms of his father's will the plaintiff was given during his natural life a certain store building and stock of merchandise therein; was directed to collect the rents and keep all unnecessary for repairs on the building, and to have the profits of the mercantile business; but upon his death the said build ing and merchandise was to be sold and the proceeds divided among certain grandchildren.  *Held,* that this will conferred upon plaintiff an absolute and not merely a life estate in the merchandise·

Appeal from the United States Court for the Northern District

JOHN R. THOMAS, Judge.

Bill by Fred E. Turner against Clarence W. Turner, as executor of the last will and testament of John E. Turner, deceased, and others, for a construction of the will. Decree for defenndants. Plaintiff appeals. Reversed.

On the 4th day of November, 1898, John E. Turner, of Muskogee, Ind. T., executed his last will and testament. He died on the 10th day of December, 1898, leaving Julia A. Turner, his widow, and Clarence W. Turner, Fred E. Turner, and Effie J. Kirkwood, his children, him surviving. Clarence W. Turner was appointed executor of the will, and qualified as such. Provision was made in the will for the widow, but she refused to take under the terms of the will, and elected to take dower in the estate. The will contained numerous specific legacies, bequests and devises, and contentions arose between the widow and Fred E. Turner, on the one hand, and Clarence W. Turner, as executor, upon the other hand, as to the true construction of said will and the rights of the parties thereunder, especially in view of the fact that the widow had renounced her dower. To determine these matters, on the 18th of January, 1899, Julia A. Turner and Fred E. Turner brought a bill in equity against Clarence W. Turner, as executor, and the other devisees and legatees under the will, for a construction of the same, and for other purposes set forth in the bill. The defendant Clarence W. Turner filed separate answer, taking issue with all the contentions of the plaintiffs. All the other parties in interest appeared either personally or through guardians . ad litem for the minor beneficiaries. The case was submitted upon the complaint and answer, and judgment rendered on the 23d of May, 1900. The only question here presented is the construction to be placed upon the following clause of the will of John E. Turner: "Fourth. I give, devise, and be-

queath to my son Fred E. Turner during the remainder of his natural life, my two-story store building, together with the basement and adjoining buildings, in the town of Tulsa, Indian Territory, being the property recently purchased by me from Lynch Mercantile Company; also a stock of general merchandise of the value of ten thousand dollars, the same to be kept up to that amount, or the money in lieu thereof loaned out, and only the interest used. Said Fred E. Turner shall collect the rents from said building, and out of the rents keep the building in good repair, and shall be entitled to all the profits of the mercantile business, or the interest on the money, as the case may be, and all the rents after paying for the repairs, as long as he lives; but upon his death said stock of merchandise and said buildings shall be sold and converted into money, and the same divided among my several grandchildren now living, as above named, and paid to them as above provided for." The court held as follows in regard to said clause of the will: "(3) The court further finds that said Fred E. Turner is entitled to a life estate only in the property bequeathed to him under said will, and that the same should be preserved for the benefit of the remaindermen mentioned in said will." To this finding of the court Fred E. Turner duly excepted, and appeals to this court.

*Hill & Brizzolara,* for appellant.

TOWNSEND, C. J.     There can be no question that the clause of the will that was construed by the court, and from which finding this appeal is prosecuted, was an absolute bequest of the store building described and the stock of goods mentioned to Fred E. Turner; the only limitation being that after his death said property was to be converted into money and divided among the testator's grandchildren. Said "Fred E. Turner shall collect the rents from said building, and out

of the rents keep the building in good repair, and shall be entitled to all the profits of the mercantile business, or the interest on the money, as the case may be, and all the rents after paying for the repairs, as long as he lives.'' This means that he has the absolute possession and control of said property, and all the income from the same, during his natural life. What estate did Fred E. Turner get under the law? In Gulick vs Gulick's Ex'rs, 27 N. J. Eq. 498, the following is laid down as a rule: "Where an absolute gift is made in the first instance, followed by a limitation over on the death of the first taker, the absolute gift is not defeated unless the gift overtakes effect.'' In the same case another rule is stated as well established, and that is that where a bequest of the income of personalty, without limit as to time, is given, the same is equivalent to the gift of the principal. This decision is the affirmation of the same case in Gulick's Ex'rs vs Gulick, 25 N. J. Eq. 324, where the same rules are announced; and these two cases are expressly approved by the supreme court of the United States in the case of Wellford vs Snyder, 137 U. S. 521, 11 Sup. Ct. 183, 34 L. Ed. 780. The doctrine of the latter case is to the effect that where the testator bequeaths a given amount of money to be invested by his executors to hold in trust, and the income to be applied for use and benefit of the beneficiaries, the same constitutes an absolute gift of the principal. The circuit court of appeals for the Sixth circuit, in the case of Martin vs Fort, 27 C. C. A. 428, 83 Fed. 19, through Judge Taft, said: "It is well settled that the bequest of personalty to a trustee for the use and benefit of another, without words of restriction, vests the absolute property in the fund bequeathed in the beneficiary. [Citing authorities.] And even words of limitation over are construed to be in harmony with the general intent of the testator to give an absolute property, if they can be reconciled with it.'' In the Gulick case, 27 N. J. Eq. 498, it is established that this rule applies

whether the gift is directly to a beneficiary, or indirectly to a beneficiary through a trustee.   The application of this rule to the clause of the will before the court places this construction upon it: That Fred E. Turner is given absolute ownership in the property, whether it is considered as merchandise or as a sum of money to be invested for his benefit, and the subsequent attempt to limit it over fails.   In Smith vs Beardsley, 2 C. C. A. 118, 51 Fed. 122,—an appeal from the Eighth circuit,—the bill was filed for the purpose of quieting the title to certain real estate which had been conveyed by the widow.   The clauses of the will being construed in the case were as follows:   "Item 2d.   That I do hereby require that all my just debts be paid, including my funeral expenses, out of my estate; that after which I do hereby give and bequeath to my beloved wife, Augusta M. Rector, all my estate, including all my goods, chattels, merchandise, moneys, choses in action, lands, and personal property, to be hers during her natural lifetime or widowhood, and no longer."   "Item 4th.   And I furthermore will that at the death of my wife, or at her marriage, that an equal division of my estate be made to each of my above-named children by the executor of said estate."   The court say:   "The will, therefore, does not transfer the title to any of the property to the children, nor does it create, technically, an estate by way of remainder in fee to the children." The same is true of this will.   It does not create, technically an estate by way of remainder to the grandchildren of the testator, but merely after the purposes of the testator are answered, during the lifetime of Fred E. Turner, then the residue should be paid to the designated parties.   The court further said:   "Taking the will as a whole, it cannot be construed to mean that the testator intended to only give to his widow the right to use the stock of goods, which formed the bulk of the estate, during her lifetime, and then, at her death, to divide the goods among the children.   To

*A bequest of personalty is absolute, notwithstanding words of limitation.*

avoid the patent absurdity of such a construction, counsel argue that it was the duty of the widow to convert the goods into real estate, or the like, in order that she could use the income, and that when the conversion took place the fee vested in the children." This practically disposes of the case. If Fred E. Turner has the absolute right to take this property and hold it and use it during his lifetime, the executor can do nothing with it until his death (and the court below so adjudged), and the purchasers of merchandise take a good title from his sale, then the grandchildren acquire whatever, if anything, he may leave at the time of his death. If that is the case, it is useless to try to preserve an estate over in such class of property. And the law does no futile act. The court of appeals of the Sixth circuit had before it a will wherein the testator devised to his wife, "during her natural life," personal property consisting of live stock and other personalty, together with real estate, and gave her a power of disposing of it for the purpose of paying his debts, and after the death of the wife that the property unexpended was then to go to his children. And the court held, after a careful review of the authorities upon the questions involved, that the power of sale was not limited to the life estate given, but extended to the entire title, including the fee in the land, and that her sale of it conveyed good title, and that it was only what she did not sell that went to the heirs after her death,—in other words, that she took a fee in both the personalty and the realty. Smith vs McIntyre, 37 C. C. A. 177, 95 Fed. 585. In Roberts vs Lewis, 153 U. S. 367, 14 Sup. Ct. 945, 38 L. Ed, 747, the supreme court of the United States had before it a will which gave the widow all of the estate, real and personal, with power to dispose of the same so long as she would remain a widow, and then, if she should remarry, that the estate bequeathed her, or whatever remained, should go to his surviving children. The will had been to the supreme court of the

United States before   reported  as Giles vs Little, 104 U. S.
299, 26 L.  Ed.  745.    The  supreme  court of Nebraska con-
strued this will as giving the widow an estate in fee in both
the real  and personal  property,  and the  supreme court of
the United  States  approved that view and  overruled Giles
vs Little.    In commenting  on Smith  vs Bell, 6 Pet. 68, 8 L.
Ed. 322, which held  in a will of this  character that the life
estate went to the  widow, and  the fee in the son, to  whom
it was devised,  afterwards, the  court calls  attention to the
fact that the  court in  that case  had intimated that, if the
power to sell or  consume the  whole personal  estate during
the lifetime of the widow was totally  incompatible with the
estate over, it would be  void for uncertainty,  and approved
that distinction,  but held  in the  case before it that it was
not necessary to so hold, but,  if it was,  that the view of the
supreme court of Nebraska  that  the  widow  took  the fee
would be fortified.    In  Patty vs Goolsby, 51  Ark.  61, 9 S.
W, 846, the court say:  ''A bequest of a life estate in person-
al property, with  the remainder over, gives the first taker,
without any express  power  for that  purpose,  the absolute
right to all perishable articles, or those  like corn, wine, and
other articles of food  or  drink,  whose uses consist in their
consumption, and he may dispose of them at pleasure unless
restrained by  other provisions in the will.   *    *    *   But a
power of disposal, as in  this case,  is not  limited to perish-
able articles, or such as are consumed in the using but gives
to the  life tenant  the sole  interest in  all  personalty, and
leaves a  subsequent  limitation void."   ''But  an unlimited
and positive discretion in  disposing of  the fund  for the in-
dividual advantage of  one's self  and others  confers an ab-
solute interest on that  individual."    Schouler, Wills, § 558.
''A limitation over of a life interest upon alienation is good;
but a provision,  either in a  deed  or will, that a life tenant
shall not alienate or anticipate (that is, a  provision not that
he and  his assigns  shall lose the estate on  alienation,  but

that he shall be compelled to keep it, so that neither his grantees nor his creditors nor any third person can get hold of it or enjoy it), is void. This is true whether the interest be legal or equitable one, and whether it be in realty or personalty,"—citing a long list of authorities. Gray, Restr. Alien Prop. § 134. It is certain that Fred E. Turner has full power to sell the merchandise and convert the same into money. The will expressly gives him the profits of the mercantile business, and requires him to keep the stock up, or, if the stock is converted into money, he is to receive the interest on the same. We are of the opinion that, so far, at least, as the merchandise is concerned, the interest of said Fred E. Turner under the law is an absolute interest, and not a life estate. The improvements of noncitizens in the Indian Territory are in the towns personal property for the purposes of taxation, but under the provisions of the act of June 28, 1898, known as the "Curtis Bill," improvements on town lots may be used to secure to the owner of said improvements a fee-simple title, in which event such improvements would certainly become a part of the real estate. We are of the opinion that under Martin vs Fort, 27 C. C. A. 428, 83 Fed. 19, "a bequest of personalty to a trustee for the use and benefit of another, without words of restriction, vests the absolute property in the fund in the beneficiary. In a bequest of personal property to a trustee, words of limitation over are to be construed, if possible, in harmony with the general intent of the testator to give an absolute property to the beneficiary." As to the building in this case, we express no opinion. We think the finding of the court below on this fourth clause should be set aside. Let the case be reversed.

GILL, CLAYTON and RAYMOND, JJ., concur.