TURNER v. TURNER.

No. 7971—Opinion Filed Dec. 17, 1918.

Rehearing Denied April 24, 1919.

(180 Pac. 248.)

(Syllabus.)

1. **Indians—Title to Town Lots—Occupation.**

The preferential right to acquire title to town lots in the Creek Nation was by the original Creek Agreement of March 1, 1901, c. 676, 31 Stat. 861, conferred upon the person in the rightful occupation of said lots.

2. **Same—Rights of Residuary Legatee—Res Judicata.**

The title acquired by the son of a testator to town lots by the exercise of his preferential right under the original Creek Treaty will not be impressed with a trust in favor of the residuary legatee, where the lots were scheduled to and the appraised value thereof paid by the son, and where in litigation thereafter, in the settlement of the estate of the testator, a stipulation was entered into whereby the son should pay the executor, who was also the residuary legatee, the original purchase price of the improvements on said lots, which sum was paid to the executor in accordance with said agreement, and a judgment was rendered upon said stipulation, decreeing said son to be the owner of said lots and improvements thereon.

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action by Clarence W. Turner against Fred E. Turner. Judgment for defendant, and plaintiff brings error. Affirmed.

John D. DeBois, Malcolm E. Rosser, William S. Cochran, and Preston C. West, for plaintiff in error.

Zevely, Givens & Stoutz, for defendant in error.

HARDY, J. Clarence W. Turner commenced this action in the superior court of Tulsa county against Fred E. Turner, seeking to have a certain deed ·of conveyance conveying to said Fred E. Turner lot 7 and the north 13 feet of lot 6, block 119, in the city of Tulsa, reformed so as to show title in plaintiff and have defendant declared to hold same in trust for plaintiff. Judgment was for defendant, and plaintiff appeals.

The parties are brothers, and are sons of John E. Turner. In August, 1898, John E. Turner was residing at Muskogee, and had purchased a storehouse and owned a mercantile business in Tulsa. Fred E. Turner was in charge thereof, under an agreement by which he was to have the use of the building and the net profit of the business. On or about August 29, 1898, John E. Turner bought and paid for a house and lot in Tulsa, being the property involved herein, paying for same by two checks made to the order of Fred E. Turner and by him indorsed to the vendors. Title was conveyed to Fred E. Turner, who went into possession of the property. John E. Turner died December 10, 1898. Prior to his death, on November 4, 1898, John E. Turner executed his last will and testament, in which, after certain specific bequests, he devised and bequeathed to his son, Clarence W. Turner, "all of the remainder of my property or estate of every kind and character and wheresoever situated." Clarence W. Turner was named as executor and qualified as such.

On January 18, 1899, Fred E. Turner and Julia A. Turner, widow of John E. Turner, filed a bill in the United States Court for the Northern District of the Indian Territory for a construction of the will of John E. Turner, deceased. That litigation reached the United States Court of Appeals for the Indian Territory, which court rendered an opinion construing the will. Turner v. Turner, 3 Ind. T. 582, 64 S. W. 543. It appears that negotiations were had looking to a winding-up of the litigation over the estate, and a stipulation was filed in that court upon which judgment was rendered, decreeing that Fred E. Turner was the absolute owner of the property herein involved, and that deed might be issued to him there-

**for** upon condition that he pay to Clarence W. Turner, as administrator, the sum of $1,100, being the original cost of the house and lot, which sum was duly paid. Previous to this settlement, the property had been scheduled by the townsite commission in the name of Fred E. Turner, and the government appraisement thereof was paid by him, and on Feburuary 2, 1905, patent was issued in his name, conveying said premises, and he has since been in continuous possession thereof and has placed valuable improvements thereon.

The grounds for equitable relief are that after the death of John E. Turner, plaintiff and Effie Kirkwood, a sister of the parties, on behalf of their minor children, under a misapprehension and a mistake of fact, and believing that a life estate in said property was conveyed to defendant, agreed to convey to defendant the interest of said minors therein for the sum of $1,100, but that plaintiff did not convey his interest, or any right in said property which he may have had as executor of the will of John E. Turner, deceased, and that defendant wrongfully and fraudulently procured title to said lots in his own name.

This case falls within the rule announced in Turner et al. v. Old Homestead Co. et al., 68 Okla. 10, 170 Pac. 904, which litigation involved a part of the same estate. In that case the property involved was situated in the city of Muskogee, and had been listed by the townsite commission in the name of Clarence W. Turner, executor, and as such executor he made the two initial payments required to be made thereon. Thereafter he abandoned any further claim on behalf of the estate to the lots involved, whereupon the townsite commission listed the lots in question to Julia A. Turner, the widow, who later paid the remaining installments and received patent executed by the principal chief of the Creek Nation, which patent was thereafter duly approved by the Secretary of the Interior. It was there held that the privilege given the owner of improvements on town lots by section 15 of the Curtis Act (Act Cong. June 28, 1898, c. 517, 30 Stat. 495) terminated upon the taking effect of the Original Creek Agreement of March 1, 1901, c. 676, 31 Stat. 861, by the terms of which the preferential right to purchase was conferred, not upon the owner of the improvements, but upon the rightful occupant.

The facts here involved present a stronger case for the application of the rule than in the case cited. The defendant here, in addition to being the rightful occupant of the premises, also held the title to the improvements thereon, which title was recognized by the stipulation filed in the case of Turner v. Turner, supra, in the Indian Territory Court of Appeals and by judgment rendered upon that stipulation.

Upon the authority of Turner v. Old Homestead Co., supra, the judgment herein is affirmed.